IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52819

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 3, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DRAE NICHOLAS PEDROZA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and aggregate unified sentence of ten years, with a minimum period of incarceration of five years, for two counts of aggravated assault and two counts of violation of a no-contact order, affirmed; order relinquishing jurisdiction, affirmed; and order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge
and LORELLO, Judge

_____

PER CURIAM

Drae Nicholas Pedroza pleaded guilty to two counts of aggravated assault, Idaho Code §§ 18-901(b), -905(b) (Counts III and IV), and two counts of violation of a no-contact order, I.C. § 18-920 (Counts VIII and IX). In exchange for his guilty plea, the remaining charges (Counts I, II, V, VI, and VII), were dismissed. The district court imposed a sentence of five years determinate for Count III; five years indeterminate for Count IV, to run consecutively to Count III; and six months county jail each for Counts VIII and IX, to run concurrently with each other and with Counts III and IV, resulting in an aggregate term of ten years, with a minimum

period of incarceration of five years. The district court suspended the sentence and retained jurisdiction. Before Pedroza completed the period of retained jurisdiction, the district court received a recommendation from the Idaho Department of Correction (IDOC) to relinquish jurisdiction. Following a retained jurisdiction hearing, the district court relinquished jurisdiction. Pedroza then filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Pedroza appeals, claiming the district court erred by relinquishing jurisdiction instead of granting probation, the district court erred in denying his I.C.R. 35 motion, and that his sentence is excessive and constitutes an abuse of discretion.

First, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The addendum to the presentence investigation (APSI) reported that Pedroza received two formal disciplinary sanctions for violence and disobedience to orders. In addition, Pedroza received one informal disciplinary sanction for not following staff directives. The APSI recommended that the district court relinquish jurisdiction for the reasons documented in the APSI. At the retained jurisdiction hearing, the district court noted Pedroza "responded and engaged in violence when provoked again, resulting in [IDOC] recommending that his rider be relinquished," and "an evaluative rider sets the bars at a very high level of the conduct that I expect from somebody, which was not met by [Pedroza], not close." The district court explained its continued concerns about Pedroza's ability to "control his anger and his obsessions that puts people at risk," and "the danger to the community is such that it's my view treatment needs to be provided in a controlled environment." The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Pedroza has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, Pedroza contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence,

we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, we hold that Pedroza has failed to show the district court abused its sentencing discretion.

Finally, we review whether the district court erred in denying Pedroza's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Pedroza's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the order of the district court relinquishing jurisdiction, the order denying Pedroza's I.C.R. 35 motion, and Pedroza's judgment of conviction and sentence are affirmed.